IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-cr-00055-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWIN TREMEL SUTTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court *sua sponte*. At Defendant's sentencing hearing on August 20, 2021, the court, following a discussion with the probation office, sentenced Defendant to an imprisonment term of time served, followed by three years on home incarceration, then three years on supervised release under mandatory, standard, and special conditions. The court has determined that Defendant's sentence was technically improper and takes this opportunity to correct the sentence pursuant to its authority under Rule 35 of the Federal Rules of Criminal Procedure.

"The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release *after imprisonment* . . . ." 18 U.S.C. § 3583(a) (emphasis added); *see also United States v. Barlow*, 811 F.3d 133, 138 (4th Cir. 2015) ("a federal judge can only impose supervised release in addition to, and subsequent to, a term of imprisonment."). Unlike supervised release, probation is a form of punishment in lieu of incarceration. *United States v. Granderson*, 511 U.S. 39, 50 (1994). A defendant who has been found guilty of a Class C felony offense may be sentenced to a term of probation not less than one year nor more than five years. 18 U.S.C. §

3561. Thus, to ensure compliance with the applicable statutory and case law, the court corrects Defendant's sentence as follows:

Pursuant to the Sentencing Reform Act of 1984 and in accordance with the Supreme Court decision in United States v. Booker, it is the judgment of the court that the defendant is placed on probation for a term of five years.

This sentence represents a downward variance from the advisory guideline range based on factors considered pursuant to 18 U.S.C. § 3553(a). In consideration of the variance factors noted in the Presentence Report and the 18 U.S.C. § 3553(a) factors noted by the defense including defendant's personal history and characteristics, success in treatment, and drug addiction, as well as any disparity in sentencing and to ensure a just punishment, the court has determined that the sentence imposed is sufficient, but not greater necessary to meet the goals of sentencing.

Further, after careful consideration of the provisions of 18 U.S.C. § 3563, the sentencing factors outlined in 18 U.S.C. § 3553(a), and the conditions that the court now imposes, the court orders that defendant comply with the mandatory and standard conditions of supervision adopted in the Eastern District of North Carolina as referenced in the Standing Order. The defendant shall comply with the following special conditions, which are imposed based on the statutory requirements, the nature of the instant offense, the defendant's substance abuse issues, the defendant's need to support his dependents, and for the adequate supervision of defendant based on the aforementioned issues:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 1,095 consecutive days. The defendant shall be restricted to his residence at all times except for medical needs or treatment, religious services, work programs, and court appearances, all of which are to be pre-approved by the probation officer. The defendant shall submit to the type of location monitoring the probation office determines is needed for effectively monitoring him while located at the

treatment facility and abide by all program requirements, instructions, and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by the probation officer consistent with his ability to pay.

2. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. The defendant shall support his dependents.

No other aspects of the sentence imposed by the court at Defendant's sentencing hearing are affected by this order. The Clerk of Court is DIRECTED to enter judgment accordingly.

SO ORDERED this 27th day of August, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 5:20-cr-00055-M   Document 70   Filed 08/27/21   Page 3 of 3